Plaintiff's motion to dismiss based upon defendant's untimely filing of the Industrial Commission Form 44 is denied. Defendant timely filed a notice of appeal which specifically set forth its exceptions and defendant timely filed its brief, each action putting plaintiff on notice of defendant's grounds for appeal. Although, the Form 44 was more detailed than the letter of appeal, the plaintiff, who additionally timely received defendant's brief, nonetheless was put on adequate notice of the substance of defendant's appeal although not in the proper form. The Commission is more concerned with substance rather than form, in that the purpose of the Form 44 is to put the appellee on notice of the substantive grounds for appeal rather than to require an additional filing of a form that absolutely without exception must be timely filed. Therefore, because the untimely filing of the Form 44 was immaterial, and while it was error for an extension to be granted after the time period had run, it was nevertheless harmless error.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award with the exception of the modification of finding of fact number 8, conclusion of law number 3, and award number 2.
* * * * * * * * * * *
These consolidated cases were heard by the former Deputy Commissioner in Rutherfordton on 7 April 1994. Thereafter, following receipt of the depositions of Drs. Grady Price, John Longobardo, Hobart Rogers, Joe Godfrey, and Todd Chapman, which were made part of the evidentiary record in these cases, and the parties' Statements of Contentions, the record in these cases was closed.
All objections raised in the depositions obtained in these cases were ruled upon in accordance with law and the opinion in this Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the alleged dates of injury giving rise to these claims, 7 March 1992 and 30 July 1992, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such times, the employee-employer relationship existed between plaintiff and defendant employer.
3. At such times, defendant employer was self-insured with Constitution State Services Company as third party administrator.
4. At such times, plaintiff's average weekly wage was the same and, as determined by the stipulated Form 22, was $465.85 with a corresponding compensation rate of $310.58.
5. Plaintiff's Exhibits #1 through #10 are received into evidence.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the evidentiary hearing in these consolidated cases, plaintiff was 57 years of age with a ninth grade education and could read, write and do simple math. Plaintiff's medical history is significant for conservative treatment for low back problems and surgical treatment of the cervical spine.
2. On 7 March 1992, plaintiff was employed as a knitter operator for defendant employer and had been so employed since 15 February 1988.
3. On 7 March 1992, plaintiff, while in the normal course of her duties as knitter operator for defendant employer, attempted to lift a 60 pound roll of cloth out of a machine and while doing so turned around and twisted her back whereupon she experienced an immediate onset of pain in her lower back. Plaintiff reported this incident to her supervisor. This incident occurred during a cognizable time and was contemporaneous with the onset of plaintiff's low back pain.
4. As a result of the work related incident of 7 March 1992, plaintiff was seen by Drs. Godfrey and Rogers and treated conservatively for lumbosacral strain.
5. Plaintiff was released by Dr. Godfrey to return to work without restriction on 13 April 1992.
6. As a result of the work related incident of 7 March 1992, plaintiff was unable to earn any wages in any employment from 11 March 1992 to 13 April 1992.
7. On 30 July 1992, plaintiff, while in the normal course of her duties as knitter operator for defendant employer, was squatting down winding yarn in front of a creel rack when she was bumped into by a cart that had been bumped by a moving forklift, which struck her in the low back and knocked her forward in a twisting motion into a creel rack, striking her right knee and twisting her right knee, right ankle and foot. This incident constituted an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
8. As a result of the 30 July 1992 work related incident, plaintiff materially aggravated to a disabling degree her preexisting back condition and sustained a right knee strain and contusion, a right ankle sprain, and plantar fascitis and metatarsalgia which also were disabling. For these latter injuries she has been seen by Drs. Rogers, Longobardo, Price, Hamrick, Mokris, Chapman and Godfrey and rendered conservative treatment, which treatment was reasonably required to effect a cure, give relief, or lessen her disability.
9. As a result of the 30 July 1992 work related incident, plaintiff was unable to earn any wages in any employment from 29 September 1992 to 16 November 1992, and from 17 September 1993 to 18 January 1994.
10. As a result of the 30 July 1992 work related incident, plaintiff is restricted to light duty work consisting of no lifting greater than 25 pounds, and no repetitive lifting, bending, twisting, pushing, pulling, squatting, and carrying, or prolonged sitting or standing.
11. As a result of the 30 July 1992 work related incident, plaintiff is unable to continue employment as a knitter operator for defendant employer.
12. On 18 January 1994, plaintiff returned to work with defendant employer in the capacity of inspector at which she earns $7.87 per hour, which is less than she was earning on 30 July 1992.
13. As a result of her 30 July 1992 work related incident, plaintiff is unable to earn the same wages that she was earning at the time of her 30 July 1992 work related incident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 7 March 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant employer by way of a disabling back injury which arose out of and in the course of her employment and which was a direct result of a specific traumatic incident of the work assigned, and as a result thereof was temporarily totally disabled from 11 March 1992 to 13 April 1992, entitling her to compensation at the rate of $310.58 per week for the aforementioned period. G.S. § 97-2(6); G.S. § 97-29.
2. On 30 July 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant employer and as a result thereof was temporarily totally disabled from 29 September 1992 to 16 November 1992 and from 17 September 1993 to 18 January 1994, entitling her to compensation at the rate of $310.58 per week for the aforementioned periods. G.S. § 97-2(6); G.S. § 97-29.
3. As a result of her 30 July 1992 injury by accident, plaintiff was temporarily partially disabled from 18 January 1994 to the present and continuing entitling her to compensation at the rate of two-thirds of the difference between her average weekly wage on 30 July 1992, which was $465.85, and the wage that she has earned since 18 January 1994 and continuing until 300 weeks from the date of her 30 July 1992 injury, less the number of weeks total disability compensation paid, or until such time as she returns to work at the same or greater wage than she was earning at the time of the 30 July 1992 injury, undergoes a change of condition or until further Order of the Industrial Commission. G.S. § 97-30.
4. Plaintiff is entitled to have paid by defendant all medical compensation incurred, or to be incurred, as a result of her 7 March 1992 and 30 June 1992 injuries by accident. G.S. § 97-2(19); G.S. § 97-25; Hyler v. GTE Products Corp., 333 N.C. 258,455 S.E.2d 698 (1993).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $310.58 per week from 11 March 1992 to 13 April 1992, from 29 September 1992 to 16 November 1992 and from 17 September 1993 to 18 January 1994. As said compensation has accrued, it shall be paid in a lump sum without commutation subject to a reasonable attorney fee hereinafter approved.
2. Defendant shall pay plaintiff, on account of her temporary partial disability, compensation at the rate of two-thirds of the difference between her average weekly wage on the date of her 30 July 1992 injury by accident, which was $465.85, and the wage she has earned since 18 January 1994 and continuing until 300 weeks from the date of her 30 July 1992 injury, less the number of weeks total disability compensation paid, or until such time as she returns to work at the same or greater wage than she was earning at the time of her 30 July 1992 injury, undergoes a change of condition or until further Order of the Industrial Commission. As much of said compensation as has accrued shall be paid in a lump sum without commutation subject to a reasonable attorney fee hereinafter approved.
3. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due and payable under Award paragraphs #1 and #2 hereinabove is hereby approved, which shall be paid out of the accrued benefits and out of the benefits that will hereafter accrue by defendant making direct payment to plaintiff's counsel of every fourth week of compensation benefits payable under the terms of this Opinion and Award.
4. Defendant shall pay all medical compensation incurred, or to be incurred, by plaintiff as a result of the injuries by accident of 7 March 1992 and 30 July 1992, in amounts approved in accordance with the Industrial Commission procedure.
5. Defendant shall pay all costs, including previously authorized expert witness fees in the amount of $240.00 to Dr. Grady Price, $300.00 to Dr. Todd Chapman, $600.00 to Dr. John Longobardo, $200.00 to Dr. Joe Godfrey and $375.00 to Dr. Hobart Rogers.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER